[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Paul McQuillan, was ineffective in that he assured him that the result of pleading guilty to three state informations before Judge Damiani which resulted in three concurrent eight year sentences on January 17, 1992 for a total effective sentence of eight years to the Connecticut Commission of Corrections would result in his incarceration in a federal facility where he would receive psychiatric treatment. See Respondent's Exhibits A, B and C.
The evidence produces that in the fall of 1991 the petitioner was serving two consecutive one year sentences for a total of two years in a Connecticut prison facility. See Petitioner's ExhibitCT Page 129221 and 2. Mr. McQuillan at that point began to represent the petitioner on a federal charge before Judge Dorsey and three state informations before Judge Damiani. At a sentencing hearing on the federal charge before Judge Dorsey on October 8, 1991, Dr. Walter Borden, a psychiatrist, testified as to the need for psychiatric treatment for the petitioner and Judge Dorsey accommodated by sentencing the petitioner for 36 months with psychiatric treatment in mind, Petitioner's Exhibit 3, and followed it up on October 15, 1991 by amending the order by recommending such treatment. See Petitioner's Exhibit 4. Judge Damiani, on January 17, 1992, noted on the three mittimus Judge Dorsey's amended order and a recommendation of incarceration in a federal facility. Both judges obviously felt that incarceration in a federal facility would begin immediately or at least after the two year sentence then in place would expire. What occurred probably is best described by the testimony of Lynn Milling, Interstate Compact supervisor of the Connecticut Department of Correction, and her letter dated December 31, 1992. SeeRespondent's Exhibit 4. Because Judge Damiani's 8 year sentence was made consecutive to the state sentence the petitioner was then serving even though it was imposed after Judge Dorsey's federal sentence and consecutive to it, made a policy now known as primary jurisdiction, take place. The policy required that all sentences imposed by the state on a state held prisoner were aggregated so that they were served prior to release to another jurisdiction. Even though Mr. McQuillan and Judge Damiani returned to court on February 8, 1993 after Mr. McQuillan received Ms. Milling's letter, the remedy suggested in the letter was not followed and nothing in the original mittimus was changed.
The petitioner testified that he will be paroled from state incarceration on January 2, 1998 with provisions for out-patient psychiatric treatment. In that status he will be available to federal authorities if they wish to exercise the detainer on Judge Dorsey's sentence. Since this court has no jurisdiction to order federal authorities to grant the relief requested, there is no practical relief this court can grant presently.
For the above reasons the court denies the petition.
Corrigan, JTR CT Page 12923